IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**FRANCISCO LOPEZ**                                         **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO.:** 1:20cv111-SA-RP

**LA TERRAZA OF STARKVILLE, INC.**                        **DEFENDANT**

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Francisco Lopez, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Fair Labor Standards Act against Defendant La Terraza of Starkville, Inc. ("La Terraza"). In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff Francisco Lopez is an adult male citizen of Hidalgo County, Texas.

2. Defendant La Terraza of Starkville, Inc. is incorporated in the State of Mississippi, licensed to do business in the State of Mississippi, and may be served with process by serving its registered agent: C. Denise Woods, 2091 Old Taylor Road, Oxford, Mississippi 38655.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF THE FACTS

5. Plaintiff was hired as a server by Defendant La Terraza in May of 2018.

6. Plaintiff worked six (6) days a week with one day off per week.

7. Plaintiff consistently worked in excess of fifty (50) hours per week.

8. Plaintiff's base pay as a server was supposed to be $2.35 per hour.

9. Plaintiff's net pay on his checks was consistently $0.00 for wages every pay period.

10. Plaintiff never once received more than $0.00 for wages on any paycheck the entire time Plaintiff was employed by Defendant.

11. Every night at 10:00 p.m., Plaintiff and the other employees on shift were ordered to clock out.

12. After clocking out, Plaintiff and his co-workers would continue to work for Defendant for several unpaid hours.

13. After clocking out, Plaintiff and other servers had to sweep their section, mop their section, roll silverware, clean their section, wipe off tables, and restock their section.

14. A few times a week Plaintiff and all other servers had to deep clean their section by removing everything in the section including all tables and chairs and were required to sweep and mop a few times until their supervisor (Elvira or Noe) felt it was sufficiently clean.

15. Plaintiff's supervisors would check his sections with a flashlight and made him repeat cleaning until they felt it was clean.

16. If a piece of rice or bread was found on floor, Plaintiff had to sweep and

mop again.

17. Plaintiff consistently would not leave work until midnight or later.

18. Defendant failed to compensate and document the hours Plaintiff and his coworkers worked after clocking out at 10:00 p.m. each night.

19. Once Plaintiff had clocked in for forty (40) hours in one work week, the system would refuse to clock him in and required a supervisor to put in their code in order for Plaintiff to clock in.

20. This occurred on a weekly basis.

21. Plaintiff's supervisors were as follows. Elvira, Noe, Or Don Kike.

22. These individuals were the only ones allowed to bypass the time clock.

23. Plaintiff does not recall the specific name of the system utilized by Defendant but it was the same system Plaintiff would use to place orders and charge people out.

24. Plaintiff was required to clock in and out on a daily basis.

25. Defendant maintained a total of 4 computers to do this.

26. Despite working an excess of forty (40) hours per week, documented or undocumented, Plaintiff's bi-weekly paychecks always reflected eighty (80) hours worked.

27. Plaintiff and his co-workers were also required to pay 2% of their total earnings each day to Defendant La Terraza.

28. Plaintiff paid his 2% to Defendant La Terraza using the cash tips he had

earned at the end of his shifts; however, these payments were not properly reported on his check stubs.

29. Plaintiff inquired about the 2% payment by asking Elvira and Noe (his supervisors) what was the reason for him having to pay this 2% of his total sales to the company, their response was always..."this is our policy, if you don't like it, you can leave."

30. Plaintiff had to pay this percentage out of his hard-earned tips.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

33. Plaintiff is considered non- exempt under the provisions of the Fair Labor Standards Act.

34. The Fair Labor Standards Act requires that all non-exempt employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

35. Plaintiff and other similarly situated employees have not been properly

paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay.

36. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff and all other similarly situated individuals be granted the following relief in an amount to be determined by the jury:

1. Declaratory Judgment;
2. Overtime wages;
3. Liquidated Damages;
4. A tax gross-up and all make-whole relief;
5. Attorney fees;
6. Costs and expenses; and
7. Any other relief to which Plaintiff may be properly entitled under the FLSA.

THIS the 29th day of May 2020.

Respectfully submitted,

FRANCISCO LOPEZ, PLAINTIFF

By:/s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com